**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**Robert L. Weil,** *et al.***,**

               *Plaintiffs,*

**v.**
                                             **Case No.  3:11-cv-448**
                                             **Judge Thomas M. Rose**

**Process Equipment Company of Tipp City,** *et al.***,**

               *Defendants.*

---

**ENTRY AND ORDER FINDING MOOT MOTION TO DISMISS AND FOR
PROTECTIVE ORDER, OR IN THE ALTERNATIVE, TO STAY ACTION
BY DEFENDANTS PECO HOLDINGS CORP AND PROCESS EQUIPMENT
COMPANY OF TIPP CITY, DOC. 5, AND FINDING MOOT MOTION TO
DISMISS AND FOR PROTECTIVE ORDER, OR IN THE ALTERNATIVE,
TO STAY ACTION BY DEFENDANT ALBERT NAGGA. DOC. 6.**

---

Pending before the Court are two motions to dismiss or stay the instant action, both asserting

that state law demands the results they seek. See docs. 5 & 6.  Both motions are aimed at Plaintiffs'

original complaint, filed October 7, 2011, which asserts several claims, including a violation of

COBRA. Doc. 4 ¶¶ 19-20, 25.  Plaintiff responded to the motions on December 9, 2011, with a

memorandum in opposition, and also by filing an amended complaint, adding neither new claims

nor defendants, but a new plaintiff. See docs. 7 & 8.  Thereafter, on December 22, 2011, Defendants

removed the action to this Court asserting not that diversity was created by the addition of the new

party, but federal question jurisdiction based on COBRA and ERISA, claiming that removal is proper under 28 U.S.C. § 1441 and 1446.[1]

The Court notes that the motions to dismiss are aimed at a complaint that has been superceded.  Moreover, the procedural posture of the case has changed.  Now, in federal Court, Defendants' legal arguments are inapposite, since "considerations of venue, including the doctrine of forum non conveniens, ...[are] considered a 'procedural' matter within the policy of *Erie*. State law does not control the venue of federal courts." *Steel Motor Service v. Zalke*, 212 F.2d 856, 858 (6th Cir. 1954); *McCoy v. Siler*, 205 F.2d 498 (3rd Cir. 1953). See 1 J. Moore, Federal Practice 1322 (1974). See also *Miller v. Davis*, 507 F.2d 308, 316 (6th Cir. 1974).

The first-to-file rule, upon which Defendants base their motions, operates differently in federal court.  See *Sault Ste. Marie Tribe of Chippewa Indians v. Hamilton*, 2010 WL 299483, *5 (W.D. Mich. 2010).  Various other doctrines, however, allow for the possibility of abstention or deferring, and the Court expresses no opinion as to which, if any, might apply.

Finally, the Court notes that, with the docket sheet from state court not having been filed, it is not able to determine if Plaintiffs possessed permission or authority to file the amended complaint.

With all of these considerations in mind, the Court finds the pending motions, docs. 5 & 6, **MOOT**.  Defendants are free to renew their motions.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, December 29, 2011.

---

[1] A party may choose to waive any defect in the removal process by not moving  to remand the case within thirty days of its removal. *Idemudia v. J.P. Morgan Chase*, 434 Fed. App'x 495, 498 n.2 (6th Cir. 2011) (citing *Loftis v. United Parcel Serv., Inc*., 342 F.3d 509, 516–17 (6th Cir. 2003)).

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE